IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eric Ancrum, | ) | Case No. 1:20-cv-04264-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina; Bryan P. Stirling; and Warden Rafael Vargara of CoreCivic, | ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, a state prisoner represented by counsel, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 37. Respondent filed a Motion for Summary Judgment and Return and Memorandum on January 18, 2022. ECF Nos. 44, 45. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, and Respondent filed a Reply. ECF Nos. 56, 59.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 11, 2022, the Magistrate Judge issued a Report recommending that Respondent's Motion for Summary Judgment be granted and the Petition be denied. ECF No. 60. Petitioner and Respondent filed objections to the Report, and Respondent filed a Reply to Petitioner's objections. ECF Nos. 61, 62, 63.

1

**BACKGROUND**

Petitioner was indicted on charges of trafficking cocaine (more than 400 grams), possession with intent to distribute cocaine within proximity of a school, manufacturing cocaine base, possession of a firearm during the commission of a violent crime, and manufacturing cocaine base within proximity of a school; he was later indicted for trafficking cocaine base (200–400 grams) and possession with intent to distribute cocaine base within proximity of a school. App. 12–13.

Petitioner's trial began on October 8, 2007, and he was represented by John Delgado and William Nettles ("trial counsel"). App. 85–843. Petitioner was convicted and sentenced to life imprisonment without parole. App. 863–64. The jury found Petitioner not guilty of possession of the firearm charge, but otherwise found him guilty as charged. App. 864. Petitioner was sentenced to life without parole for trafficking cocaine (400 grams or more), trafficking cocaine base (200 grams or more), possession with intent to distribute cocaine within proximity of a school, and possession with intent to distribute cocaine base within proximity of a school and fifteen years' imprisonment for manufacturing cocaine base and fifteen years' imprisonment for manufacturing cocaine within proximity of a school, to run concurrently. App. 878–79.

Petitioner did not timely serve a notice of appeal on opposing counsel. App. 7–9. Accordingly, the appeal was dismissed on October 24, 2007, and the remittitur was issued on November 9, 2007. *Id.*

2

Petitioner filed a pro se application for post-conviction relief ("PCR") on March 25, 2008, alleging ineffective assistance of counsel for failure to properly file the notice of appeal. App. 22–28. A hearing was held on the application on November 18, 2009. App. 885–969. Petitioner was represented at the hearing by Stephen Schmutz and Anthony P. Lamantia, III ("PCR counsel"), who raised additional claims for ineffective assistance of trial counsel. On December 14, 2009, the PCR Court issued an order granting Petitioner a belated appeal pursuant to *White v. State*, 208 S.E.2d 35 (1974),[1] but denying relief on all other allegations and dismissing his application. App. 12–19.

Petitioner did not file a direct appeal. Instead, he appealed the PCR court's order by filing a petition for a writ of certiorari to the Supreme Court of South Carolina. App. 971–83. The petition was denied on May 14, 2012. ECF No. 12-14.

Petitioner filed a second PCR action requesting to file a direct appeal, which was granted, and to which the State consented. ECF No. 12-16. Petitioner then filed a *White v. State* appeal. ECF No. 12-20 at 4. The South Carolina Court of Appeals issued a per curiam opinion affirming Petitioner's conviction. ECF No. 12-22.

Petitioner filed the present action on December 9, 2020. ECF No. 1. On July 16, 2021, the Magistrate Judge issued a Report, recommending the district judge grant Respondents' first Motion for Summary Judgment. ECF No. 25. On October 6, 2021, Petitioner filed a Motion to Amend his Petition, which was granted on November 15, 2021.

---

[1] Such an order allows for a belated appeal.

3

ECF Nos. 29, 34.  Plaintiff filed his Amended Petition on November 30, 2021.  ECF No. 37.

## APPLICABLE LAW

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In the event that a ground was not adjudicated on the merits in any state court, then the court reviews the merits of the claim de novo. *See Cone v. Bell*, 556 U.S. 449, 472 (2009); *Winston v. Kelly*, 592 F.3d 535, 553–54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on the merits' in state court. When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo.").

<u>Procedural Bypass</u>

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed

his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. See *Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. See S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C.App.Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. See *Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

<u>Cause and Actual Prejudice</u>

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where

7

a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

*Ineffective Assistance of Counsel*

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, a petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id*. at 687–88. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

## **DISCUSSION**

As an initial matter, the Magistrate Judge provides a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Petitioner raises three Grounds in his Amended Petition. The Magistrate Judge recommends finding that the Amended Petition is not barred by the statute of limitations. Respondent objects to this recommendation. The Magistrate Judge further recommends finding that summary judgment should be granted as to all three Grounds raised in the Amended

Petition.  Petitioner objects to this recommendation.  In making its ruling, the Court has reviewed the record, the Report, and the applicable law de novo.

***Statute of Limitations***

Respondent argues that the Amended Petition is time-barred.  In the Motion for Summary Judgment and the objections, Respondent acknowledges that the weight of authority in this district is against this position.  Upon review, the Court agrees with the Magistrate Judge that *Jimenez v. Quarterman*, 555 U.S. 113 (2009), is applicable to this action.  Accordingly, the statute of limitations did not begin to run until after the conclusion of Petitioner's *White v. State* appeal, and the Amended Petition is timely.

***Discussion of Petitioner's Grounds***

Petitioner acknowledges that his Grounds are procedurally defaulted but argues that he can establish cause for the procedurally barred claims of ineffective assistance of trial counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012).  The Court agrees that Petitioner's Grounds are procedurally barred.  Accordingly, these Grounds have been defaulted absent a showing of cause and prejudice.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or a petitioner's efforts to comply with the state's procedural rule.  *Carrier*, 477 U.S. at 488; *but see Martinez*, 566 U.S. at 9 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance

at trial."). Here, as stated, Petitioner argues that he can establish cause for any procedurally barred claims of ineffective assistance of trial counsel under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

566 U.S. at 14. Accordingly, Petitioner may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit.

As explained by the Magistrate Judge, all of Petitioner's Grounds concern the following jury instruction:

> To prove possession of cocaine, the State has to prove beyond a reasonable doubt that the Defendant had the power and intent to control the disposition or use of the cocaine. Possession may be either actual or constructive, just as I referenced earlier. Actual possession means that the cocaine was in the actual physical custody of the Defendant. Constructive possession means that the Defendant had

11

> dominion and control over either the cocaine itself or the property on or in which the cocaine was found.
>
> I tell you again that mere presence at the scene where drugs are found is not enough in and of itself to prove possession.
>
> Actual knowledge of the presence of the cocaine is evidence of the Defendant's intent to control its disposition or use. The Defendant's knowledge of the presence of the cocaine and possession of the cocaine may be inferred when the substance is found on property under the Defendant's control. Again, however, that inference is simply an evidentiary fact to be taken into account by you, if at all, along with the other evidence in this case and is to be given the weight you think it should have. Two or more persons may have joint possession of a drug.

App. 833–34.

### *Ground One*

In Ground One, Petitioner contends that trial counsel was ineffective for failing to object to the "actual knowledge" instruction including that "[a]ctual knowledge of the presence of the cocaine is evidence of the Defendant's intent to control its disposition or use." ECF Nos. 37 at 6; 56 at 6.  Petitioner's claim lacks merit.

As noted by the Magistrate Judge, this issue was not raised at PCR; therefore, trial counsel were not questioned about it during the evidentiary hearing.  Petitioner has provided no evidence with respect to trial counsel's decision-making on this Ground.  As explained in more detail by the Magistrate Judge, this is insufficient to overcome the strong presumption that trial counsel's performance fell within the "wide range of

reasonable professional assistance." ECF No. 60 at 22 (quoting *Strickland*, 466 U.S. at 689); *see Burt v. Titlow*, 571 U.S. 12, 17 (2013) ("It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"(quoting *Strickland*, 466 U.S. at 689)).

To the extent Petitioner asserts that no reasonable counsel would have failed to object to the jury instruction, the Court agrees with Respondent and the Magistrate Judge that the jury instruction was proper under South Carolina law at the time. As explained in more detail in the Report, the portion of the instruction at issue in Ground One had been previously questioned. In *Solomon v. State,* 443 S.E.2d 540 (S.C. 1994), the Supreme Court of South Carolina found that counsel was not unreasonable for failing to object to the instruction. *Solomon* was overruled by *State v. Cheeks*, 737 S.E.2d 480 (S.C. 2013); however, this case was decided years after Petitioner's trial. Petitioner argues that the eventual errors that led to the Supreme Court of South Carolina's ruling in *Cheeks* were in existence at the time the jury instruction was given in this case. However, as noted by the Magistrate Judge, the same consideration existed at the time that court decided *Solomon* as well. Moreover, it is well established that counsel is not ineffective for failing to anticipate later changes in the law. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."); *United States v. Montecinos*, C/R No. 3:08-0590-CMC, 2017 WL 8941181, at *2 (D.S.C. Aug. 7, 2017) ("A change in law does

13

not render . . . counsel ineffective for failing to anticipate it."); *see also Ramos v. Louisiana*, 140 S. Ct. 1390, 1420 (2020) ("[T]he Courts of Appeals have consistently held that an attorney is not ineffective for failing to anticipate or advocate for the overruling of a constitutional precedent of this Court.") (Kavanaugh, J., concurring in part).

Accordingly, Petitioner has failed to state a substantial claim under *Martinez* and, therefore, has not shown cause to excuse the procedural default or prejudice on this ground. Thus, summary judgment is appropriate with respect to Ground One.

### Ground Two

In Ground Two, Petitioner contends that trial counsel was ineffective for failing to object to the "constructive possession" instruction including that "[c]onstructive possession means that the Defendant had dominion and control over either the cocaine itself or the property on or in which the cocaine was found." ECF Nos. 37 at 7; 56 at 11. Upon review, the Court finds that Petitioner's claim lacks merit.

Petitioner argues that the instruction given by the trial court violated his Due Process rights by impermissibly shifting the burden from the state to prove dominion and control of the drugs. Petitioner relies on *State v. Adams*, 352 S.E.2d 483, (S.C. 1987), and *State v. Ellis*, 207 S.E.2d 408 (S.C. 1974). However, as in Ground One, the instruction was proper at the time it was given. As explained by the Supreme Court of South Carolina in *State v. Stewart*, 858 S.E.2d 808, 810–812 (S.C. 2021), at the time, the objected to instruction should not have been read in isolation, but rather, as a whole. When considered as a whole, the Supreme Court of South Carolina found no error in a

similar instruction.  *Stewart*, 858 S.E.2d at 812.  As explained in more detail by the Magistrate Judge, the instruction at issue in this case met the requirements as set out by the Supreme Court of South Carolina at the time.  *See* ECF No. 60 at 27–28.  Moreover, the constructive possession language overruled in *Adams* was not the instruction given at trial in this case, and the language suggested in *Adams* was not overruled until 2021 in *Stewart*.

As discussed in Ground One, Petitioner has failed to meet his burden where he has provided no evidence regarding trial counsel's strategic decisions in declining to object to the constructive possession instruction.  Thus, upon de novo review of Ground Two, the Court finds Petitioner has failed to state a substantial claim under *Martinez* and, therefore, has not shown cause to excuse the procedural default or prejudice on this ground.  Accordingly, summary judgment is appropriate with respect to Ground Two.

### Ground Three

In Ground Three, Petitioner contends that trial counsel was ineffective for failing to object to the inference instruction including that "Defendant's knowledge and possession may be inferred when a substance is found on the property under the Defendant's control."  ECF Nos. 37 at 9; 56 at 15.  Upon review, the Court finds that Petitioner's claim lacks merit.

As discussed in Grounds One and Two, Petitioner has failed to meet his burden where he has provided no evidence regarding trial counsel's strategic decisions in declining to object to the constructive possession instruction.  Moreover, as also

discussed above, the instruction at issue was not overturned until 2021 in *Stewart*, 858 S.E.2d at 812–13.  To the extent Petitioner argues that the instruction was a violation of the South Carolina Constitution at the time it was given, the Court agrees with the Magistrate Judge that Petitioner has failed to provide any case law to support this conclusion.  *See Kornahrens*, 66 F.3d at 1360 ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.").

Thus, upon de novo review of Ground Three, the Court finds Petitioner has failed to state a substantial claim under *Martinez* and, therefore, has not shown cause to excuse the procedural default or prejudice on this ground. Accordingly, summary judgment is appropriate with respect to Ground Three.

### *Ineffective Assistance of PCR Counsel*

The Court agrees with the Magistrate Judge that Petitioner has offered little more than speculation with respect to allegations of PCR counsel's deficient performance.  For the reasons explained above, the Court declines to find that PCR counsel was deficient for failing to raise the Grounds above in 2009.  Accordingly, Petitioner has failed to meet his burden under *Martinez*.

Therefore, the Court finds that Petitioner's claims are procedurally barred and he has failed to demonstrate ineffective assistance of PCR counsel or a substantial claim that trial counsel was ineffective.  He has not asserted any other cause and prejudice to overcome the procedural bar.  Therefore, Petitioner is not entitled to federal habeas relief.

**CONCLUSION**

Upon a de novo review of the record, the Report, and the applicable law, the Court agrees with and adopts the recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment [45] is **GRANTED** and the Petition is **DISMISSED**.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

August 18, 2022
Spartanburg, South Carolina